IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANGELO MARCELLUS IRVING,**

    Petitioner,

v.

                                           Civil Action No. **3:16CV82**

**HAROLD W. CLARKE,**

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Final Order entered on July 17, 2015, the Court dismissed Petitioner's 28 U.S.C. § 2254 petition. *See Irving v. Clarke*, No. 3:14CV571, 2015 WL 4424848, *1 (E.D. Va. July 17, 2015). Petitioner had thirty days to note an appeal but did not do so. Instead, well beyond the appeal period, on February 9, 2016, the Court received from Petitioner a new action titled, "FRCP RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT ORDER ENTERED ON JULY 17, 2015." ("Rule 60(b) Motion," ECF No. 1.) In the Rule 60(b) Motion, Petitioner claims that he never received the July 17, 2015 Memorandum Opinion and Final Order and now "asks that the Court grant him relief from . . . the Memo. Op. and Final Order, by fixing the time that he has to appeal." (Rule 60(b) Mot. 2.)[1] As explained below, Rule 60(b) is not the appropriate vehicle to seek the reopening of the appeal period.

---

[1] Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). The Court assumes that Petitioner intends to argue that his failure to receive the Final Order is an extraordinary circumstance entitling him to relief under Rule 60(b). He is incorrect.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229 (1960)). Contrary to Petitioner's assertion, "Rule 60(b) cannot be used to accomplish . . . an extension of time to appeal based upon failure to receive notice of the judgment." *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844–45 (11th Cir. 2008); *see In re Sealed Case (Bowles)*, 624 F.3d 482, 484 (D.C. Cir. 2010) ("concluding that Rule 60(b) is unavailable to allow appellant to file a timely appeal"). Instead, "[l]ack of notice of the entry does not affect the time for appeal or relieve–or authorize the court to relieve–a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. Civ. P. 77(d)(2). At this late juncture, Federal Rule of Appellate Procedure "4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Big Top Koolers, Inc.*, 528 F.3d at 844 (internal quotation marks omitted) (citation omitted); *see In re Sealed Case (Bowles)*, 624 F.3d at 484.

Accordingly, Petitioner's Rule 60(b) Motion (ECF No. 1) will be DENIED. The action will be DISMISSED. The Clerk will be DIRECTED to refile the Rule 60(b) Motion in *Irving v. Clarke*, No. 3:14CV571 as a Motion to Reopen the Appeal Period.

An appropriate Order shall issue.

Date: 3/9/16
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge